CHICAGO RY. EQUIPMENT CO. et al. v. PERRY SIDE BEARING
CO. et al.

(Circuit Court, N. D. Illinois, E. D.   February 15, 1909.)

No. 28,674.

See, also, 170 Fed. 968.

Jesse A. Baldwin, Paul Bakewell, and F. R. Cornwall, for complainants.
Offield, Towle & Linthicum and Albert H. Graves, for defendants.

KOHLSAAT, Circuit Judge. Defendant presents to the court the form of a decree in which the court is made to find that claims 25 and 26 of patent to Wands, No. 694,503, dated March 4, 1902, are not infringed by defendant. It appears that the device manufactured by defendants is not that of the Perry patents, but is one in which the end walls have been removed so as to produce a way free from pockets and other obstructions whereby claims 25 and 26 of the patent in suit avoid the lodging and packing of dust, dirt, etc. This way is made an essential feature, to the end that its surface may be perfectly presented to the action of the wind for cleansing. In the original opinion the court found that:

"As stated in complainant's brief, the construction referred to in these claims is characterized principally by the provision which is made for preventing the accumulation of dust and cinders within the structure, which would clog and interfere with its operative movements."

The device of the Perry patent, No. 672,648, discloses a housed side bearing having ends practically closed, when in a central position. The downwardly projecting lug portions formed integrally with the top plate fit into the spaces between the upwardly extending portions made integrally with the end wall proper, thus practically closing the box or housing. The lower or track plate at all times presents serious obstruction to the sweep of the air because of the upstanding portions of the end wall. By cutting away the central upstanding tongue of the end wall and a portion of the end wall itself, defendants entirely removed this objectionable feature. In so doing, however, they appropriated the main feature of complainant's patent in suit. While claim 25 does not in terms call for these openings, yet it does describe "a base plate having a way * * * free from pockets or other obstructions"—a provision which the Perry patent did not purport to cover, and which seems to have been aside from Perry's thought. Taken in connection with the drawings and specifications, there is no doubt that, if there is invention in any of the Wand claims in suit, defendants infringe both of claims 25 and 26. Therefore they are not entitled to any modifications of the opinion as to said claims.

From complainant's record (pages 148 and 149) it appears that complainant withdrew patent No. 708,601 from this suit, and is therefore entitled to have the same dismissed from the case without prejudice. If the action has entailed any costs or damages, they may be suggested to the court hereafter.